IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JERI GARRAMONE and
JUDY GARRAMONE,

       Plaintiffs,

       vs.                                                                    No. CIV 94-0176 JC/DJS

CARMELA ROMO, et al.,

       Defendants.


## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants' Motion for Summary Judgment seeking to dismiss Plaintiff Jeri Garramone's remaining claim for declaratory relief filed November 12, 1997 (Docket No. 96). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that Defendants' Motion for Summary Judgment is not well taken and will be **denied.**

### Background

This controversy concerns the propriety of a civil child abuse-neglect investigation and proceeding in which the New Mexico Human Services Department (HSD) alleged that Jeri Garramone neglected one of her children, Judy Garramone. The facts of this case have been discussed extensively in past opinions by this Court and by the Tenth Circuit Court of Appeals in Garramone v. Romo, 94 F.3d 1446 (10th Cir. 1996).

On April 11, 1995, this Court entered an order granting Eleventh Amendment immunity to the official capacity HSD Defendants as to claims for monetary relief and denying such immunity as to claims for injunctive relief. The Tenth Circuit upheld this Court's determination that official capacity Defendants were not immune under the Eleventh Amendment from claims for prospective relief. Additionally, the Tenth Circuit found that Plaintiff did have a due process right to counsel at the child neglect and custody hearings and that Defendants had an obligation to inform her of that right. The Tenth Circuit declined to review this Court's holding that res judicata and collateral estoppel do not apply to the claims against Defendants in their official capacities.

Subsequently, I granted Defendants' Motion for Summary Judgment in part, dismissing Plaintiff's claim for injunctive relief and denying the motion for dismissal of Plaintiff's claims for declaratory relief. I found that, if Jeri Garramone was not informed of her right to counsel, this Court has the authority to enter a declaratory judgment that her due process rights were violated and that the state finding of neglect is thus void.

The Court last addressed this case on Defendants' Supplemental Motion to Dismiss which the Court treated as a Motion to Reconsider the May 16, 1997 Memorandum Opinion. I denied that motion, holding that Defendants had "not present[ed] anything which would lead the Court to reconsider its decision." Defendants once again move for summary judgment.

**Analysis**

Defendants move for summary judgment on the basis that res judicata and collateral estoppel bar the consideration of the issues raised in the pending proceeding because i) Plaintiff could have, and actually did, assert the same claims in the state proceeding, and ii) the posture of the case has

changed. Specifically, Defendants argue that the posture has changed because the relief sought is now available only against official capacity defendants.

Pursuant to 28 U.S.C. § 1738, a state court judgment is entitled to the same preclusive effect in a subsequent federal litigation as it would be given in the courts of the rendering state. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75 (1984). The preclusive effect of a state court judgment in a subsequent § 1983 suit in federal court is therefore determined by state law. Jarrett v. Gramling, 841 F.2d 354, 356 (10th Cir. 1988).

In New Mexico, there are four elements requisite to the application of res judicata: i) the same parties or parties in privity; ii) the identity of capacity or character of persons for or against whom the claim is made; iii) the same subject matter; and, iv) the same cause of action in both suits. Anaya v. City of Albuquerque, 122 N.M. 326, 329 (Ct. App. 1996). As the party seeking to bar Plaintiff's action, Defendants have the burden of establishing res judicata. See Hopkins v. Guin, 105 N.M. 459, 463 (Ct. App. 1986). In my April 11, 1995 Opinion and Order, I held that "[r]es judicata does not bar this lawsuit because the claims asserted here are not the same as those in the state suit, and the individual HSD defendants were not parties in the state suit." (Mem. Op. at 6).

The claims asserted here still are not the same as those asserted in the state suit. The application of res judicata precludes parties or their privies from re-litigating issues of ultimate fact or law necessary for the resolution of the prior judgment. See Silva v. State, 106 N.M. 472, 474 (1987). In this case, Plaintiff is not attempting to re-litigate any of the substantive issues underlying the stipulated judgment finding her guilty of neglect. That is, Plaintiff does not attack the stipulated judgment through claims that arise out of her relationship with her daughter. On the contrary,

Plaintiff maintains that the *proceedings* deprived her of due process because she was not provided counsel.

It would be manifestly unjust to refuse to hear Plaintiff's right to counsel claim on the basis that she should have raised it before the state court. "Implicit in her allegation of right to counsel is the notion that she lacked the ability to understand both the nature of her constitutional rights and the procedural prerequisites necessary to assert them since she was not afforded the guiding hand of counsel." Rhoads v. Penfold, 694 F.2d 1043 (5th Cir. 1983).

Moreover, the fact that Plaintiff's attorney raised the constitutional issue in the August 7, 1991 Motion to Return Custody Or, In the Alternative to Dismiss, does not militate against the Court addressing her due process argument in this action. Before the district judge ruled on Plaintiff's motion, the State moved to dismiss the matter and return legal custody of the children to Plaintiff. Defendants' argument that Plaintiff was legally required to prolong the matter further--potentially denying Plaintiff of full custody of her children for longer than she had already endured--has no merit. The substantive claim in the underlying state abuse and neglect proceeding is different than the collateral issue presented here and therefore, res judicata does not bar this suit.

In addition, res judicata does not bar this suit because the individual defendants in their official capacities were not parties in the state suit. Suits for prospective relief against state officials in their official capacities are not treated as actions against the State. Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). A state official in his or her official capacity, when sued for prospective relief, is a person under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 n.10 (1989). Thus, the individual defendants in their official capacities are not the same as "the State" for purposes of this federal action. On the contrary, in the underlying state abuse and neglect proceeding, the State

was the party. NMRA 1997, Rule 10-108(B) ("In proceedings on petitions alleging neglect or abuse . . . the parties to the action are: (1) the state; (2) the custodial parent or parents . . .; (3) the child . . ."). Defendants have not established that the parties are the same--failing to meet their burden of proving the elements of res judicata--and therefore, are not entitled to judgment as a matter of law.

Defendants next propose that collateral estoppel precludes consideration of Plaintiff's claim because Plaintiff did raise the constitutional claim in state court. This Court already has rejected the application of collateral estoppel to this issue because the constitutional claims in the state court proceeding were not actually decided. Collateral estoppel does not preclude Plaintiff's constitutional claim because the state court did not actually decide whether Plaintiff was denied her right to an attorney. See State ex rel. Martinez v. Kerr-McGee Corp., 120 N.M. 118, 122 (Ct. App. 1995).

Finally, Defendants contend that Plaintiff is barred from bringing a claim for constitutional deprivation of due process because she had an adequate remedy at state law. See Parratt v. Taylor, 451 U.S. 527 (1981) (holding that unauthorized conduct does not give rise to § 1983 procedural due process claim unless state fails to provide an adequate post-deprivation remedy), rev'd on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The Tenth Circuit affirmed this Court's finding that Plaintiff stated a procedural due process claim under § 1983, see Garramone, 94 F.3d at 1450-51, and this Court will not revisit that issue.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute regarding whether Plaintiff was informed of her constitutional right to counsel under the

guarantees of procedural due process remains at issue in this case.  Therefore, Defendants' Motion for Summary Judgment shall be denied.

Wherefore,

IT IS ORDERED that Defendants' Motion for Summary Judgment be, and hereby is, **denied.** Plaintiff Jeri Garramone's claim for declaratory relief remains.

DATED this 18th day of February, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Chris G. Lackmann
	Jonathan E. Zorn
	Albuquerque, New Mexico

Counsel for Defendants:	Paula I. Forney
	NM Legal Bureau/RMD
	Santa Fe, New Mexico