# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JERI GARRAMONE and JUDY JONES,

        Plaintiffs,

vs.                                        No. CIV 94-0176 JC/DJS

CARMELA ROMO, et al.,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER came on for consideration of Defendants' Supplemental Motion to Dismiss for Lack of Subject Matter Jurisdiction, served on February 13, 1998. The Court has reviewed the motion, the memorandum submitted by Defendants and the relevant authorities. The Court finds that Defendants' Supplemental Motion to Dismiss is not well taken and will be **denied.** Therefore, Plaintiff Jeri Garramone may proceed to trial on the sole remaining claim for relief on which she could possibly be a "prevailing party" in this action--a declaration that her right to counsel was in fact violated in the state neglect proceedings.

## Background

The remaining controversy in this case concerns Defendants' alleged deprivation of Plaintiff Jeri Garramone's constitutional right to an attorney in a civil child abuse-neglect proceeding before the state district court. In <u>Garramone v. Romo</u>, 94 F.3d 1446 (10th Cir. 1996), the Tenth Circuit held that Plaintiff had a due process right to counsel at the child neglect and custody hearings and that Defendants had an obligation to inform her of that right. The only question for me to determine is whether Defendants did, in fact, fail to inform Plaintiff of her right to counsel.

**Analysis**

Defendants move to dismiss this action because this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This doctrine prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005 (1994). Thus, I cannot review matters actually decided by the state court, see Rooker, 263 U.S. at 415, nor can I issue any declaratory relief that is "inextricably intertwined" with the state court judgment. Feldman, 460 U.S. at 483-84 n.16.

A federal claim is "inextricably intertwined" with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1986) (Marshall, J., concurring in the judgment). In other words, Rooker-Feldman "applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3rd Cir. 1997).

In deciding whether Plaintiff was denied her right to an attorney, I will not review the state court's decision that Plaintiff neglected her children. Instead, I will address Plaintiff's "right to counsel" due process claim which was not decided in the state court proceeding. Thus, granting declaratory relief on the sole issue to be addressed here is not "inextricably intertwined" with the state court judgment. Hence, Rooker-Feldman does not apply to Plaintiff's request for a declaratory

judgment that her due process rights were violated. However, I cannot declare the state court judgment void without violating the <u>Rooker-Feldman</u> doctrine.

If Plaintiff establishes at trial that she was not informed of her right to counsel, I simply can declare that Defendants violated her due process rights. Plaintiff could then proceed with a Rule 1-060(b)(4) Motion for Relief from Judgment in state court.

"[T]he mere fact that declaratory relief does not provide a coercive remedy is no reason to conclude that it will be ineffective. We must and do assume that the defendant state . . . would give full credence to a finding [of unconstitutionality] . . .and would act accordingly." <u>Alsager v. District Court of Polk County, Iowa,</u> 518 F.2d 1160, 1165 (8th Cir. 1975). Therefore, Defendants' Supplemental Motion to Dismiss shall be denied.

Wherefore,

IT IS ORDERED that Defendants' Supplemental Motion to Dismiss be, and hereby is, **denied.**

DATED this 23rd day of February, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:  Chris Lackmann and Jonathan E. Zorn
         Albuquerque, New Mexico

Counsel for Defendants:  Paula I. Forney
         NM Legal Bureau/RMD
         Santa Fe, New Mexico